IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.  NO. 4:24-CR-122

GREGORY FAIR

**ORDER**

On September 25, 2024, a federal grand jury returned a one-count Indictment against Gregory Fair charging him with knowingly possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(8). Doc. #1. On April 7, 2025, Fair filed a motion "to suppress all evidence seized as a result of the warrantless entry and search of his vehicle, as well as any and all statements made by [him] subsequent to the seizure," including "the firearm seized from [his] vehicle."[1] Doc. #23 at 1, 4. Opposing suppression, the government responded to the motion on April 21,[2] arguing "the officer had reasonable suspicion to stop Fair's vehicle;" "the officer had reasonable suspicion to continue the investigatory stop, which naturally included looking into the vehicle [where t]he firearm was in plain view;" and "[b]ased on these facts, the officer had probable cause to search the vehicle and seize the firearm." Doc. #26 at 1.

On June 17, 2025, the government filed a motion for leave to dismiss the indictment with prejudice pursuant to Federal Rule of Criminal Procedure 48(a). Doc. #36. As cause, the government submits:

> The Court set the suppression hearing for June 11, 2025. Shortly before the hearing, [it] learned that it had misunderstood a material fact related to a legal issue in this case. After [it] raised this issue at the hearing, the Court held a bench conference

---

[1] Fair requested and was granted leave to file his motion to suppress after the dispositive motions deadline set by the Court. Doc. #24 at 1.

[2] The government's response is untimely. *See* U.L. Crim. R. 47(C)(1) ("Within eleven calendar days after a motion is filed, the opposing party shall either respond to the motion or notify the court of its intent not to respond.").

> and continued the hearing until July 23, 2025, so that the parties could better prepare for the hearing in light of new information.
>
> [It] has carefully reviewed the facts and the law governing the issue of suppression. Based upon its careful review of the law, evidence, and witness testimony in this case, [it] concedes [Fair's] motion to suppress. Therefore, [it] has no evidence of [Fair's] possession of the firearm ….

*Id.* at PageID 71 (paragraph numbering omitted).

Rule 48(a) of the Federal Rules of Criminal Procedure provides that "[t]he government may, with leave of court, dismiss an indictment, information, or complaint. The government may not dismiss the prosecution during trial without the defendant's consent." "This 'leave of court' requirement has been interpreted 'to allow the courts to exercise discretion over the propriety of a prosecutorial motion to dismiss.'" *United States v. Jones*, 664 F.3d 966, 973 (5th Cir. 2011) (quoting *United States v. Welborn*, 849 F.2d 980, 983 (5th Cir. 1988)). Such discretion must be exercised with a view to the rule's purpose—"to 'protect the defendant against prosecutorial harassment.'" *Id.* (quoting *United States v. Hamm*, 659 F.2d 624, 628 (5th Cir. 1981)). So, a Rule 48(a) motion to dismiss "should be granted 'unless the trial court has an affirmative reason to believe that the dismissal motion was motivated by considerations contrary to the public interest.'" *United States v. Salinas*, 693 F.2d 348, 352 (5th Cir. 1982) (quoting *Hamm*, 659 F.2d at 631). "Although the burden of proof is not on the prosecutor to prove that dismissal is in the public interest, the prosecutor is under an obligation to supply sufficient reasons—reasons that constitute more than 'a mere conclusory interest.'" *Id*. (footnote omitted) (quoting *Hamm*, 659 F.2d at 631 n.23).

Because the government's proffered reason for dismissal of the Indictment here—its misunderstanding of a material fact leading it to concede Fair's motion to suppress—is sufficient, the government's motion to dismiss [36] is **GRANTED** and Fair's motion to suppress [23] is **DENIED as moot**. The Indictment against Fair is **DISMISSED with prejudice**. This case is

**CLOSED**.

    **SO ORDERED**, this 17th day of June, 2025.

                                                  <u>/s/Debra M. Brown</u>
                                                  **UNITED STATES DISTRICT JUDGE**